## S96Y1833. IN THE MATTER OF ROBERT J. EVANS.
### (475 SE2d 645)

PER CURIAM.

Following his former client's filing of a grievance with the State Bar, Respondent Robert J. Evans filed petition for voluntary discipline, acknowledging that he violated various professional standards in connection with his representation of the client. He offered several factors in mitigation, and requested a five-month suspension for his conduct. We agree with the recommendation of the State Bar, special master, and review panel and accept Evans' petition and request that he be suspended for five months.

Evans admits that he agreed to represent his former client in four different matters. In one, he filed a complaint on behalf of the client, but did no further work on it and failed to appear at a pre-trial calendar call, thus causing the trial court to grant the defendant's motion to dismiss for want of prosecution. In response to his client's inquiries about the case, Evans stated that it was pending in the trial court, although he knew the case had been dismissed; Evans did not acknowledge the dismissal until the client confronted him with information he received independently from the court. In addition, Evans agreed to represent the client on three other matters, but did no work on them and led his client to believe he was actively pursuing all of them.

Evans acknowledges that the foregoing conduct violates the following Standards of Bar Rule 4-102: Standard 4 (professional conduct involving dishonesty, fraud, deceit or wilful misrepresentation); Standard 22 (b) (failure to properly withdraw from employment); Standard 44 (wilful abandonment or disregard of a client matter); and Standard 45 (knowingly making a false statement of law or fact). In mitigation he states that he has cooperated with disciplinary authorities and regrets the ways in which he handled his client's legal matters. He also states that his conduct during the relevant periods was the result, in part, of his alcoholism and that since the client's grievance he has received treatment and continues to participate in counseling for that condition.

We note the factors to be considered in aggravation in this case which consist of the fact that Evans has substantial experience in the practice of law and has engaged in what appears to be a pattern of misconduct. See ABA Standards for Imposing Lawyer Sanctions (1991), Standard 9.22 (c) and (i). We further note the mitigating factors set forth above, and the additional factor that Evans does not have a prior disciplinary record. See ABA Standard 9.32 (a), (e), (h) and (l).

We have considered the admitted conduct, and the foregoing factors in aggravation and mitigation and agree and adopt the review

panel's recommendation. Accordingly, Robert J. Evans is hereby suspended from the practice of law in the State of Georgia for a period of five months from the date of this order. He is reminded to protect the interests of his clients, and to comply with all the requirements of Bar Rule 4-219 (C) (1) and (2).

*Voluntary petition accepted: five-month suspension. All the Justices concur.*

DECIDED SEPTEMBER 23, 1996.

*William P. Smith III, General Counsel State Bar, Steven J. Kaczkowski, Assistant General Counsel State Bar,* for State Bar of Georgia.